## EDWARDS v. GRISHAM.

1. JUDGMENT—VERDICT—EVIDENCE.
   A verdict which has been arrived at by the jury after a trial during which no question was raised as to any ruling of the trial court or as to its charge to the jury or as to reception of any testimony must stand and judgment be rendered accordingly unless found to be against the overwhelming weight of the testimony.

2. LABOR RELATIONS—LABOR OBJECTIVE—ATTEMPT TO FORCE UNIONIZATION.
   An attempt to force employees to become unionized either directly or indirectly through their employer is not a lawful labor objective (CL 1948, § 423.17, as amended by PA 1949, No 230).

3. ACTION—UNAUTHORIZED INTERFERENCE WITH A RIGHT.
   Any entirely unauthorized interference with any recognized right whatever is a good ground of action.

4. LABOR RELATIONS—UNLAWFUL THREAT OF PICKETING—DISCHARGE —ACTION.
   An unlawful and malicious threat of picketing plaintiff's employer was actionable, where it had the effect of causing the discharge of plaintiff as intended by defendant.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 1028.
[2, 4] 31 Am Jur, Labor § 231.

Appeal from Wayne; Miller (Guy A.), J. Submitted January 12, 1954. (Docket No. 49, Calendar No. 45,991.) Decided June 7, 1954. Rehearing denied September 8, 1954.

Case in the common pleas court of the city of Detroit, by John T. Edwards against Marvin Grisham and Carpenters District Council, Detroit, Wayne and Oakland Counties and Vicinity of the United Brotherhood of Carpenters and Joiners of America, a voluntary association, for unlawful interference with employment. Verdict for plaintiff. Judgment notwithstanding verdict for defendants. On appeal to circuit court, judgment on verdict entered for plaintiff. Defendants appeal. Affirmed.

*Dee Edwards,* for plaintiff.

*Hannan, Ganos & Schwartz* and *Boaz Siegel,* for defendants.

REID, J. This is an appeal by defendants Grisham and Carpenters District Council from a judgment rendered by the circuit court for plaintiff for $720 and costs. Plaintiff sued in common pleas court for the city of Detroit for damages caused by unlawful interference with plaintiff's employment and labor by defendants who forbade plaintiff's employment and threatened plaintiff's employer with picketing unless he should discharge plaintiff.

The case was submitted in common pleas court to the jury upon completion of testimony, arguments and charge. Verdict was returned for plaintiff for $720. The common pleas court judge rendered judgment for defendants notwithstanding the verdict. On appeal to the circuit court, the circuit court set aside the judgment of the common pleas court and entered judgment on the verdict.

About March 1, 1952, plaintiff entered into a contract with Dr. Prisbe to install paneling and finish trim work on a clinic that the doctor was having built. Plaintiff began the work about March 24th, following, and his work was satisfactory to the doctor. There was testimony that while plaintiff was proceeding with the work, the doctor was approached by defendant Grisham, a representative and agent of the defendant Carpenters District Council, who told the doctor that plaintiff was not a union man and could not work on the job; that he, Grisham, would put a picket on the job if plaintiff continued to work and not join the union; that the doctor told plaintiff what Grisham said; that plaintiff tried to join the union, but was unable to join and even unable to obtain an examination for the purpose of joining; that following the foregoing, Grisham again returned to the place where the work was in progress and told the doctor that he would not permit plaintiff to work on the job nor to join the union; that in consequence of Grisham's interference and threats to picket the work and stop all work on the job, the doctor discharged plaintiff; that in consequence, plaintiff lost wages for 6 weeks of 40 hours each week at $3 per hour, a total of $720.

No question was raised as to any ruling of the trial court or the charge of the court to the jury or that any testimony was improperly received. The verdict must stand and judgment be rendered accordingly, unless the verdict shall be found to be against the overwhelming weight of the testimony.

CL 1948, § 423.17, as amended by PA 1949, No 230, (CLS 1952, § 423.17, Stat Ann 1950 Rev § 17.454 [18]), is as follows:

"It shall be unlawful (1) for any employee or other person by force or unlawful threats to force, or attempt to force any person to become or remain a

member of a labor organization, or (2) for an employee or other person by force or unlawful threats to force or attempt to force any person to refrain from engaging in employment. Violation of this section shall be a misdemeanor and punishable as such."

In *Postma* v. *Local Union No. 406,* 334 Mich 347 (syllabus 6), we held:

"An attempt to force employees to become unionized either directly or indirectly through their employer is not a lawful labor objective. (CL 1948, § 423.17, as amended by PA 1949, No 230)."

This was quoted with approval in *Way Baking Co.* v. *Teamsters & T. D. Local,* 335 Mich 478, 487, 488. See cases there cited.

Defendants argue that because no actual picketing occurred, plaintiff has no cause of action.

"There can be no doubt whatever that any entirely unauthorized interference with any recognized right whatever, is a good ground of action." *Grand Rapids & Ind. R. R. Co.* v. *Heisel,* 47 Mich 393, 397.

Within this broad and general outline, we have the following facts in the instant case: The thing threatened was unlawful, and the making of the threat was also unlawful. The picketing threatened was for the unlawful purpose described in the testimony. Plaintiff was protected by the statute in his contract relationship as an employee of which the threat was (as the jury could well find) intended to and did deprive him. The jury could well have found that if the doctor had not discharged plaintiff, the picketing would actually have taken place, and that the doctor so realized and believed, acted in accordance with that belief, and discharged plaintiff, which result was intended by defendants.

We conclude that unlawful and malicious threats may by reason of their intended results become actionable and that the threats shown in this case are actionable. See 52 Am Jur, p 419, Torts, § 73; 46 ALR 776.

The jury could well have found under the testimony that defendants intended to and did bring about the result of plaintiff being discharged from his employment, that the threats to picket and also telling the employer that defendants would not permit plaintiff to continue in his employment, being unlawful means, were the means employed by defendants; and further there was no justification for the use by defendants of such means shown in the testimony.

The acts and intent of defendants, as evidently found by the jury, were unlawful and were, as evidently found by the jury, the efficient cause of damage to plaintiff as claimed by him.

The circuit court judgment appealed from is affirmed. Costs of both courts to plaintiff.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, DETHMERS, and KELLY, JJ., concurred.